**RUDDEROW LAW GROUP**
A Professional Law Corporation
**Daniel T. Rudderow SBN: 174258**
dan@rudderowlaw.com
**Larissa A. Branes SBN: 245875**
l.branes@rudderowlaw.com
1301 Dove Street, Suite 800
Newport Beach, California 92660
Tel.: (949) 565-1344
Fax: (714) 677-4004

Attorneys for Plaintiff,
RANCHO MIRAGE MOBILEHOME COMMUNITY, LP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| RANCHO MIRAGE MOBILEHOME COMMUNITY, LP, a California limited partnership<br><br>          Plaintiff,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. Violation of the Takings Clause of the Fifth Amendment to the United States Constitution/42 U.S.C. § 1983;**<br><br>**2. Violation of the Takings Clause of the California Constitution (Cal. Const. Art. 1, § 19);**<br><br>**3. Declaratory Relief;**<br><br>**4. Unfair Business Practices (Bus. & Prof. Code § 17200, *et. seq.*).** |

        Plaintiff, Rancho Mirage Mobilehome Community, LP, a California limited

partnership ("Plaintiff"), brings this action against Defendants, Coachella Valley

Water District and DOES 1-10 and alleges as follows:

### THE PARTIES

        1.        Plaintiff is, and was at all times mentioned herein, a California limited

partnership, established and existing pursuant to the laws of the State of California,

and duly authorized and licensed to conduct business in the State of California, County of Riverside.

2.     Plaintiff is informed and believes, and thereon alleges, that Defendant, Coachella Valley Water District ("Defendant" or "CVWD"), is, and was at all times mentioned herein, a local administrative water district formed for the purpose of furnishing potable water and sewer services within its boundaries.  CVWD's service area includes much of the Coachella Valley, including the location of the property of the Plaintiff.

3.     CVWD was incorporated on or about January 16, 1918, as the Coachella Valley Water District under the provisions of Chapter 592, Statutes of 1913 of the State of California.  The 1913 Act was superseded by the present County Water District Act found in 30000 et seq. of the California Water Code.  The District changed its name to "Coachella Valley Water District" in 1979 pursuant to Section 31006 of the California Water Code.

4.     Defendant CVWD is an "agency" as that term is defined in Article XIII D, Section 2(a) of the California Constitution, and is therefore subject to the provisions of Proposition 218, approved by the voters of California on November 4, 1996.

5.     The true names and capacities, whether individual, corporate, associate or otherwise of the defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of the fictitiously named defendants when the same are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that such fictitiously named defendants are in some manner liable for the acts hereafter alleged.  CVWD and DOES 1-10 will hereinafter be referred to collectively as "Defendants."

6.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants, and each of them, were and are agents,

principals, representatives, servants, masters, partners, trustees, associates, co-conspirators, employers and employees of each other, all acting within the course and scope of such capacities, within the actual or apparent authority of such capacities, within the course and scope of such conspiracies, and with actual and/or constructive notice of the knowledge of their co-conspirators and each other.

## JURISDICTION AND VENUE

7.     The claims set forth herein are pursuant to 42 U.S.C. § 1983 and the Fifth Amendment of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331.

8.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy as Plaintiff's federal claims.

9.     The acts and omissions complained of herein occurred in the Central District of California. Accordingly, pursuant to 28 U.S.C. § 1391, venue is proper in this Judicial District.

## GENERAL FACTS AND ALLEGATIONS

10.     Plaintiff is the owner of the real property commonly known as 69975 Frank Sinatra Drive, Rancho Mirage, California, in Riverside County (the "Property"). Plaintiff has developed the Property and operates it as a mobilehome park. The park consists of 288 spaces, of which approximately 106 spaces are not revenue producing, meaning that they are either physically vacant or have vacant homes sitting upon them. In addition to the mobilehome spaces, the Property consists of expansive greenbelt spaces, recreational facilities and several swimming pools.

11.     CVWD is a special district which provides to its customers certain sewer services. At all times relevant herein, the Property is and was within Defendants' service area boundaries and is and was subject to Defendants' sewer

**COMPLAINT**

charge.  For many years up through the present, CVWD has provided sewer services to Plaintiff's mobilehome park.

12.     On or about February 23, 2016, Defendant CVWD's Board of Directors, through its President, adopted Ordinance No. 1427, purporting to update its regulations governing sanitation service to be paid by all customers receiving sanitation service, including Plaintiff, through the adoption of a document entitled "Regulations Governing Sanitation Service."  The Ordinance and the regulations set forth the charges to be paid by customers for sewer services.

13.     On or about September 14, 2017, Plaintiff filed a Complaint for Declaratory Relief; Inverse Condemnation; Request for Injunctive Relief against CVWD in the Superior Court of California, County of Riverside based on the sewer service fees charged to Plaintiff's Property pursuant to Ordinance No. 1427 (the "State Complaint").  The trial court sustained CVWD's demurrer without leave to amend based solely on failure to exhaust administrative remedies, and judgment was entered in CVWD's favor.  Plaintiff filed a timely appeal.  On appeal, the Court of Appeal of the State of California, Fourth Appellate District, affirmed the trial court sustaining the demurrer without leave to amend.

14.     While the appeal of the State Complaint was pending, CVWD brought to Plaintiff's and the Appellate Court's attention, via a request for judicial notice, the fact that Ordinance No. 1427, upon which the State Complaint was based had been repealed and replaced by Ordinance No. 1427.1 on December 12, 2017, with an effective date of January 1, 2018.  CVWD represented in its request for judicial notice that Ordinance No. 1427.1 set forth a different sewer rate structure than that challenged in the State Compliant and, as a result, the State Complaint was moot. CVWD further represented that the new ordinance was not presented to the trial court, because although it was adopted prior to the trial court's judgment, it was adopted after Plaintiff filed the action and after CVWD filed its first demurrer. However, after the trial court granted the initial demurrer, Plaintiff filed a first

amended complaint, to which CVWD brought a second demurrer.  That demurrer was granted, and Plaintiff brought a second amended complaint, to which CVWD again demurred.  This time, the trial court granted the demurrer without leave to amend as to the second amended complaint and the aforementioned appeal followed. At no time during the second or third demurrer did CVWD bring to Plaintiff's or the trial court's attention the new ordinance 1427.1.

15.    The Appellate Court decision was issued July 14, 2020.  Accordingly, any applicable statute of limitations was tolled during the pendency of the litigation and due to the improper delay in CVWD disclosing the new ordinance.

16.    Ordinance No. 1427.1 updates and adopts CVWD's "Regulations Governing Sanitation Service," ("Regulations"), which set forth the charges to be paid by customers for sewer services.

17.    The Regulations, at section 1-1, provide the following definitions:

ACCOUNT CHARGE – A monthly charge for each sewer account intended to recover the costs of billing.

DWELLING UNIT - A single family unit requiring Sanitation Service and  intended to be a complete independent living facility for one or more persons, including permanent provisions for living, sleeping, eating, cooking and sanitation, including but not limited to, family residence, each unit of a duplex,   each   unit   of   an   apartment, condominium, each recreational vehicle and each trailer park space.

EQUIVALENT SEWER UNIT (ESU) - An estimate of sewage production   based on average water use and a return-to-sewer factor.

**COMPLAINT**

EQUIVALENT DWELLING UNIT (EDU) - The basis for the average amount of wastewater flow generated by one dwelling unit within CVWD's system.

PROPERTY – Any Property, including any Lot, Parcel, Premises, Dwelling   Unit or portion thereof that is the subject of a request for service or to which service is being rendered.

SANITATION SERVICE or SERVICE - The furnishing of facilities for the collection, treatment, disposal of wastewater, and all the administrative functions auxiliary thereto.

SERVICE CHARGE – The monthly charge levied on all Properties which are provided Sanitation Service for the capability of providing such Service.

18.    The Regulations set forth a service and account charge as follows: 5-4.3.1 Service Charge:

For all customers, the Service Charge shall be the product of the Service Charge per number of ESUs assigned to the Property. The Service Charge per ESU provided for in Table A-2, Charge Number A-2.5. Sewer Classification   Codes are defined in Table A-6.

5-4.3.2 Account Charge:

For all customers the Account Charge shall be the product of the number of sewer accounts and the Account Charge. The Account Charge shall be as provided for in Table A-2, Charge Number A-2.5.

19.     Table A-1 of the Regulations provide that a Mobile Home is assigned 1.0 EDU.

20.     Table A-2, Charge Number A-2.5 provides that the service charge shall be $23.04 per ESU, and the Account Charges shall be $1.58 per account for residential and $3.98 per account for RV Trailer Parks/Nonresidential.

21.     Ordinance No. 1427.1 and the Regulations do not reference how ESUs are assigned or calculated and do not refer to Ordinance No. 1435.

22.     Ordinance No. 1427.1 and the Regulations update CVWD's District Code for Sanitation, set forth in Title 4, Chapters 4.05 (the "Code").  The Code reflects the Regulations and, with the exception of Table A-2, only references Ordinance 1427.1.  Table A-2, which sets for the service charge and account charges, references Ordinance 1427.1 and 1435 § 4 (Exh. A).

23.     Ordinance 1435 at § 4 provides "[t]able A-2 of the District's Regulations Governing Sanitation Services, is hereby amended, and the General Manager is authorized and directed to revise Table A-2 to reflect the rates set forth in Exhibit A to be in effect for services provided on and after January 1, 2018." Exhibit A is the schedule of rates for sewer service charges and account charges. The service charge is $23.04/ESU.

24.     Ordinance 1435, in the whereas clauses, which is not referenced in the Code, provides that ESU values are assigned to "RV/Trailer Park customers based on a 55% (the return to sewer factor) of their average daily water usage over the previous three years, divided by 200 (signifying the 200 gallons per day of indoor water usage assumed for Residential customers)."   The capitalized terms in the ordinance, "RV/Trailer Park" and "Residential," are not defined.

25.     Following the appeal of the State Complaint, Plaintiff submitted an administrative appeal to the general manager of CVWD, pursuant to CVWD's Code section 4.05.470 (Section 12-1 of the Regulations), based on the sewer fees imposed on Plaintiff's Property, pursuant to Ordinances 1427.1 and 1435.

26.   CVWD, through its general manager, denied the appeal.  Plaintiff has thereby exhausted all administrative remedies.

27.   Ordinances 1427.1 and 1435 and the Regulations are being applied in an unconstitutional manner to Plaintiff's Property.  Plaintiff's park is a mobilehome park, not a "RV/Trailer Park" with transient recreational vehicles and trailers.  Mobilehomes are generally not moved once placed in a mobilehome park and the residents are typically long-term residents.

28.  Furthermore, it is unclear if "Residential" applies to mobilehomes, multi-complex units, RV/Trailer Parks, and/or single-family homes, all of which will consume significantly different amounts of indoor water.   Regardless, most of the residents in Plaintiff's mobilehome park are elderly individuals and/or couples, not families.   Also, the spaces around the mobilehome parks are small and do not include large yards.   Accordingly, the indoor water usage is drastically different than a multi-unit complex or single-family residence.  The 200 gallons of indoor water usage assumed for Residential customers is disproportionate to the amount actually consumed by mobilehome customers.

29.  Furthermore, Plaintiff's Property contains large greenbelts and several swimming pools, all of which use substantial water, but none of which correlates to sewer usage.  Plaintiff is being charged for sewer services not actually used by the Park or its tenants.

30.   Ordinances 1427.1 and 1435 and the Regulations are also facially invalid, unlawful, void and unconstitutional as they are substantially overbroad in their calculations of sewer service charges.

31.   The Takings Clause of the Fifth Amendment, through the Fourteenth Amendment, prohibits states from taking private property for public use without just compensation.

///

///

32.    In addition, the charges under Ordinance 1427.1 and Ordinance 1435 constitute "Property Related Fees and Charges" for the purposes of Article XIII D of the California Constitution (Proposition 218).

33.    In addition, the charges under Ordinance 1427.1 and Ordinance 1435 constitute private property "taken for public use, without just compensation." U.S. Const., amend. V; see also Cal. Const., Art. I, § 9(a) ("[p]rivate property may be taken or damaged for a public use . . . only when just compensation . . . has first been paid to . . . the owner.").

34.    In adopting and applying Ordinances 1435 and 1427.1, and/or conducting the proceedings leading up to the adoption of the Ordinances, Defendants were required to comply with, among other things, the provisions of Article XIII D of the California Constitution (Proposition 218), which applies to "Property Related Fees and Charges." Proposition 218 at Section 6(b) provides the following:

> Requirements for Existing, New or Increased Fees and Charges. A fee or charge shall not be extended, imposed, or increased by any    agency unless it meets all of the following requirements:
>
> (1) Revenues derived from the fee or charge shall not exceed the funds required to provide the property related service.
>
> (2) Revenues derived from the fee or charge shall not be used for any purpose other than that for which the fee or charge was imposed.
>
> (3) The amount of a fee or charge imposed upon any parcel or person as an incident of property ownership shall not exceed the proportional cost of the service attributable to the parcel.

**COMPLAINT**

(4) No fee or charge may be imposed for a service unless that service is actually used by, or immediately available to, the owner of the property in question. Fees or charges based on potential or future use of a service are not permitted. Standby charges, whether characterized as charges or assessments, shall be classified as assessments and shall not be imposed without compliance with Section 4.

35.   Plaintiff is informed and believes, and thereon alleges, that in their application of Ordinances 1435 and 1427.1 and the Regulations Governing Sanitation Services upon Plaintiff, Defendants violated Article XIII D of the California Constitution (Proposition 218), including Section 6(b)(1) through (4), in the following manner:

a.   Section 6(b)(1): The revenues derived from the sewage charge exceed the funds required to provide the property related services.

b.   Section 6(b)(2): The revenues derived from the sewage charges are used for purposes other than which the sewage charge was   imposed.

c.   Section 6(b)(3): The sewage charge on Plaintiff exceeds the proportional cost of the service attributable to the Property.

d.   Section 6(b)(4): The sewage charge imposed is for a service not actually used by or immediately available to the Property.

36.   Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendants are charging Plaintiff for sewer services not actually used by Plaintiff or its tenants.   Consequently, there is no sufficient correlation between the charges purportedly owed to Defendants and the costs of providing services under Ordinance 1435 and 1427.1, as required by law.

**COMPLAINT**

37.    By reason of the Proposition 218 violations and unconstitutional actions, Plaintiff alleges that, as applied to Plaintiff, Ordinances 1435 and 1427.1 are being applied to Plaintiff in an unconstitutional manner.

38.    In addition, by reason of the Proposition 218 violations and unconstitutional actions, Plaintiff alleges that Ordinances 1435 and 1427.1 are substantially overbroad in the calculations of sewer service fees and are therefore unlawful, invalid, void and unconstitutional.

39.    By reason of the Proposition 218 violations and unconstitutional actions, Plaintiff alleges that any and all efforts by Defendants subsequent to the adoptions of Ordinances 1435 and 1427.1 to collect the disproportionate sewer charges were and are unlawful, invalid, void and unconstitutional.

## PLAINTIFF EXHAUSTED ITS ADMINISTRATIVE REMEDIES AND/OR EXHAUSTION WOULD HAVE BEEN FUTILE

40.    CVWD's Regulations, part of Ordinance 1427.1, provide the administrative procedures for a customer to make an appeal to the general manager of CVWD.

41.    As set forth above, Plaintiff submitted an administrative, thereby exhausting its administrative remedies.

42.    However, to the extent it is claimed that Plaintiff failed to exhaust its administrative remedies, Plaintiff alleges that  CVWD's appeal process fails to establish a clearly defined machinery for the submission, evaluation and resolution of complaints and there is no standard for reconsideration or review such that CVWD's Hearing and Administrative Procedures are inadequate as a matter of law and, as such, do not trigger any mandatory exhaustion requirement.

///

///

///

**COMPLAINT**

# FIRST CAUSE OF ACTION

## Violation of 42 U.S.C. § 1983

### (Against all Defendants)

43.   Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44.   The Takings Clause, present in the Fifth Amendment to the United States Constitution, provides that private property shall not "be taken for public use, without just compensation." U.S. Const., amend. V.

45.   The role of the Takings Clause is in "barring Government from forcing some people alone to bear the public burdens which, in all fairness and justice, should be borne by the public as a whole." Lingle v. Chevron Corp., 544 U.S. 528, 537 (2005). Government action may violate the Takings Clause where it is "the functional equivalent of a practical ouster of the owner's possession" or "in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster." Lingle, 544 U.S. at 537.

46.   The United States Supreme Court has repeatedly acknowledged that takings liability under the Fifth Amendment to the United States Constitution may be redressed under 42 U.S.C. § 1983.

47.   The imposition of the disproportionate sewer fees on Plaintiff's Property is a taking of Plaintiff's Property by CVWD, without a legitimate governmental interest and without compensation.  Furthermore, there is no connection between the sewer services provided and the fees being charged.

48.   The Ordinances and Regulations have caused both a complete and total regulatory and physical taking of Plaintiff's property without just compensation in violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution.

49.   The sewer fees fail to substantially advance any legitimate government interest and the sewer fees imposed are not roughly proportional to the impact of

1  CVWD providing the sewer service.

2       50.    Plaintiff is entitled to just and reasonable compensation.

3       51.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to

4  declaratory relief and temporary, preliminary, and injunctive relief.

5       52.    Plaintiff found it necessary to engage the services of private counsel to

6  vindicate its rights under the law. Plaintiff is therefore entitled to an award of

7  attorney's fees pursuant to 42 U.S.C. § 1988.

8  

**SECOND CAUSE OF ACTION**

9  **Inverse Condemnation – Cal. Const., art. 1, § 19**

10  **(Against all Defendants)**

11       53.    Plaintiff incorporates herein by reference each and every allegation

12  contained in the preceding paragraphs of this Complaint as though fully set forth

13  herein.

14       54.    The confluence of Ordinances 1435 and 1427.1 and the Regulations

15  imposed upon Plaintiff worked a regulatory and physical taking of Plaintiff's

16  Property in violation of the California Constitution.  Plaintiff has been deprived of

17  the use of its property as a result.

18       55.    The actions of CVWD were arbitrary and capricious and not reasonably

19  or substantially related to any legitimate or recognized governmental interest.

20       56.    Plaintiff demands just compensation for the taking of its property.

21       57.    Plaintiff has been required to retain legal counsel to pursue legal redress

22  for CVWD's wrongful conduct.  Accordingly, Plaintiff is entitled to recover its

23  attorney's fees, costs of suit, fees and expenses pursuant to Code of Civil Procedure

24  § 1036 and other applicable laws.

25  ///

26  ///

27  ///

28  ///

**COMPLAINT**

# THIRD CAUSE OF ACTION

## Declaratory Relief

## (Against all Defendants)

58.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59.     Plaintiff seeks a declaration of the respective rights and duties of the parties.   Plaintiff contends that, as a result of the constitutional violations and Proposition 218 violations set forth hereinabove, the Defendants' adoption and imposition of Ordinances 1435 and 1427.1 and the Regulations and subsequent disproportionate sewer charges on Plaintiff, said charges are unlawful, invalid, void and unconstitutional, in that, among other things:

    a. Plaintiff's private is being taken for public use, without just compensation;

    b. The revenues derived from the sewer charges on Plaintiff's Property exceed the funds required to provide the property related service, in violation of Article XIII D, section 6(b)(1) of the California Constitution;

    c. The revenues derived from the sewer charges on Plaintiff's Property are used for purposes other than that for which the sewer charge was imposed, in violation of Article XIII D, Section 6(b)(2) of the California Constitution;

    d. The amount of sewer charges imposed on the Plaintiff exceeds the proportional cost of the service attributable to their properties, in violation of Article XIII D, Section (b)(3) of the California Constitution;

e.   The sewer charge imposed is for a service not actually used by or immediately available to the Property in violation of Article XIII D, Section 6(b)(4).

f.   Defendants' efforts to impose Ordinance 1435 and 1427.1 and the Regulations violated and continue to violate Proposition 218.

60.   Defendants are treating Plaintiff more harshly than others in violation of federal and state laws requiring parity.  Under state law commonly referred to as "Prop 218," agency fees must be reasonable and reasonably apportioned among rate payers, and the fees imposed on Plaintiff are manifestly unfair, unreasonably excessive, applied discriminatorily, and lack the study of rate setting required before implementation and enforcement.

61.   Plaintiff is informed and believes, and thereon alleges, that Defendants deny these allegations.  Therefore, an actual controversy has arisen and now exists between the Plaintiff and the Defendants.

62.   Accordingly, Plaintiff hereby requests a judicial declaration of its rights with respect to the above controversy.  Such a declaration is necessary and appropriate at this time and under the circumstances in order that the Plaintiff may ascertain its rights and duties under Ordinances 1435 and 1427.1 and the Regulations and the sewer charges.

**Fourth CAUSE OF ACTION**

**Unfair Business Practices (Bus. & Prof. Code § 17200, *et. seq.*)**

**(Against all Defendants)**

63.   Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

64.   California's Unfair Competition Law ("UCL") defines "unfair business competition" to include any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . . ." California Business &

Professions Code §17200.

65.    CVWD violated California's UCL prohibition against engaging in unlawful and unfair acts by charging arbitrary and unconstitutional fees to Plaintiff as set forth hereinabove.    These acts violate Proposition 218, the California Constitution, and United States Constitution.

66.    As a result of CVWD's violations, Plaintiff is entitled to an order enjoining CVWD from continuing to charge unlawful sewer service fee charges.

67.    Further, Plaintiff is entitled to equitable relief in the form of full restitution of all monies paid as a result of CVWD's improper sewer service fee charges.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION**

1.    For just compensation for the taking of Plaintiff's Property;

**ON THE SECOND CAUSE OF ACTION**

2.    For just compensation for the taking of Plaintiff's Property;

**ON THE THIRD CAUSE OF ACTION**

3.    That the Court issue a judicial determination and declaration that the imposition of sewer fees on Plaintiff's Property is unconstitutional;

**ON THE FOURTH CAUSE OF ACTION**

4.    An injunction ordering CVWD to cease from charging unlawful sewer service charges;

5.    Equitable relief in the form of full restitution of all monies paid as a result of CVWD's improper sewer service charges, and interest thereon;

6.    For an award of reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action as private attorney general;

**ON ALL CAUSES OF ACTION**

7.    That the court issue appropriate pre- and post-judgment orders

**COMPLAINT**

restraining and enjoining Defendants from applying or enforcing Ordinances 1435 and 1427.21 and/or its Regulations as to Plaintiff in a manner that violates the California Constitution and the Constitution of the United States;

8.    For its costs in bringing this action including attorney's fees to the extent permitted by law; and

9.    For such other and additional relief as may be granted by the Court.


Dated:  November 12, 2020                    **RUDDEROW LAW GROUP**


                                             By:  /s/ Larissa A. Branes
                                                  Daniel T. Rudderow
                                                  Larissa A. Branes
                                                  Attorneys for Plaintiff,
                                                  RANCHO MIRAGE MOBILEHOME
                                                  COMMUNITY, LP

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all claims and causes for which a jury trial is available.

Dated:  November 12, 2020                    **RUDDEROW LAW GROUP**


By:  /s/ Larissa A. Branes
     Daniel T. Rudderow
     Larissa A. Branes
     Attorneys for Plaintiff,
     RANCHO MIRAGE MOBILEHOME
     COMMUNITY, LP

**COMPLAINT**